## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| COREY ALAN HOUSTON,<br><br>      Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and NAVY FEDERAL CREDIT UNION,<br><br>      Defendants. | CASE NO. |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, COREY ALAN HOUSTON (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and NAVY FEDERAL CREDIT UNION (hereinafter "NFCU") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as the principal address of Equifax is in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a natural person and resident of Norfolk City County in the Commonwealth of Virginia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     NFCU is a federally insured credit union with its principal place of business in the Commonwealth of Virginia that upon information and belief conducts business in the State of Georgia.

20.     NFCU is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     NFCU furnished information to the CRAs regarding Plaintiff which was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to NFCU, account number ending in x4193 (hereinafter "NFCU Account"), as to an unsecured loan.

23.     On or about November 18, 2023, Plaintiff was the victim of fraud.

24.    A few days later, Plaintiff upon reviewed his NFCU Account online became aware someone had used Plaintiff's information to open a $7,000 loan and transferred the funds to a "Nicole Thomas". Plaintiff never authorized this loan.

25.    Shortly thereafter, on or about November 21, 2023, Plaintiff contacted NFCU, disputed the loan as fraudulent, and completed NFCU's Declaration of Forgery/Fraud.  Plaintiff explained in detail he did not authorize such transcation and was promised that NFCU would fix the situation.

26.    On or about December 5, 2023, Plaintiff obtained copies of his credit reports. Upon review, Plaintiff's Equifax, Experian, and Trans Union credit reports were reporting the NFCU Account with a status of "Pays as Agreed" and a balance of $7,033.

27.    On or about December 5, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report. In this Report, he explained that he is a victim of identity theft and that the NFCU Account was fraudulent and listed in his credit reports.

28.    Due to the inaccurate reporting, on or about December 8, 2023, Plaintiff mailed a detailed written dispute letter to Equifax, Experian, and Trans Union concerning the inaccurate and erroneous account being reported. Plaintiff explained the NFCU Account reflected an unauthorized and fraudulent loan. In this letter,

Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of the NFCU Forgery/Fraud Declaration, and images of his filed Federal Trade Commission Identity Theft Report, report number 167158461, in his dispute letter.

29.   Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1115 7162 96), Experian (9589 0710 5270 1115 7163 26), and Trans Union (9589 0710 5270 1115 7163 19).

30.   On or about December 20, 2023, Plaintiff received responses from Trans Union which advised Plaintiff of the remedies for identity theft, advised that Plaintiff's identity theft report was invalid, and advised that Plaintiff's proof of address was unacceptable.

31.   Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of his updated Trans Union credit report on or about January 17, 2024, Plaintiff observed that the NFCU Account continued to appear on his credit file with a comment which indicated the NFCU Account was verified as accurate following Plaintiff's written dispute.

32.   Despite providing Trans Union with all the relevant information needed to prove the NFCU Account was fraudulent and unauthorized, Trans Union continued to report the inaccurate loan.

33.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, NFCU.

34.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

35.     Upon information and belief, Trans Union notified NFCU of Plaintiff's dispute. However, NFCU failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

36.     On or about December 21, 2023, Plaintiff received two responses from Experian which advised that his request to block due to identity theft was believed to have been made in error and that the investigation of the NFCU Account was anticipated to be completed by January 16, 2024.

37.     Plaintiff did not receive dispute results in the mail from Experian. However, upon review of his updated Experian credit report on or about January 17, 2024, Plaintiff observed that the NFCU Account continued to appear on his credit file with a comment which indicated the NFCU Account was verified as accurate following Plaintiff's written dispute.

38.     Despite providing Experian with all the relevant information needed to prove the NFCU Account was fraudulent and unauthorized, Experian continued to report the inaccurate loan.

39.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, NFCU.

40.     Experian never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Experian notified NFCU of Plaintiff's dispute. However, NFCU failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.     On or about December 27, 2023, Plaintiff received two responses from Equifax which advised that additional information was required to verify his identity and that his request to block due to identity theft was denied.

43.     Plaintiff did not receive dispute results in the mail from Equifax.

44.     Equifax failed to do any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Equifax notified NFCU of Plaintiff's dispute. However, NFCU failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

46.     On or about January 17, 2024, Plaintiff attempted to obtain copies of his credit reports. When Plaintiff attempted to obtain a copy of his Equifax credit report, he received a "Code NH" error. However, Plaintiff was able to obtain copies of his Experian and Trans Union credit reports, and upon review, Plaintiff observed the NFCU Account continued to be reported with a status of open and current and a balance of $7,161. Such reporting negatively affected Plaintiff's debt-to-income ratio.

47.     Due to the continued inaccurate reporting, on or about January 18, 2024, Plaintiff mailed a second detailed written dispute letter to Equifax, Experian, and Trans Union concerning the inaccurate and erroneous account being reported. Plaintiff explained the NFCU Account reflected an unauthorized and fraudulent loan. In this letter, Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the responses to his prior dispute, images of the erroneous credit reporting, images of the NFCU Forgery/Fraud Declaration, and images of his filed Federal Trade Commission Identity Theft Report, report number 167158461, in his dispute letter.

48.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1115 7172 48), Experian (9589 0710 5270 1115 7172 24), and Trans Union (9589 0710 5270 1115 7172 31).

49.     As of the filing of this Complaint, Plaintiff has not received results as to his latest dispute letters in the mail from Equifax, Experian and Trans Union.

50.     Despite Plaintiff's best efforts, the CRAs continue to report the inaccurate and fraudulent NFCU Account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

51.     The CRAs simply continue to parrot off the back of NFCU and have not conducted an actual investigation despite Plaintiff's pleas.

52.     Defendants have never attempted to contact Plaintiff about his disputes and have refused to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

53.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

54.     As a result of the inaccurate credit reporting and actions and/or inactions of Defendants, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.  Reduction in credit score; and

v.   Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

55.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

56.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.    Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

58.    Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

59.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

60.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

62.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

64.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.     Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

66.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

67.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally;

award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

72.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

73.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

74.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

75.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

17

80.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

81.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

82.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

83.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

84.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally;

award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

86.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.     Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

88.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

89.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

90.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

91.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

92.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to

**Defendant, Experian Information Solutions, Inc. (Willful)**

93.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

94.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

95.     Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

96.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

97.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

98.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

99.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

102.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

103.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate account, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

104.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

107.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

108.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

109.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate account, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

110.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

114.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account. Trans Union failed to have policies and procedures to avoid misreporting accounts.

116.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

117.   Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

118.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

120.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

122.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow  reasonable  procedures  to  assure  maximum  possible  accuracy  in  the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account. Trans Union failed to have policies and procedures to avoid misreporting accounts.

124.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

125.   Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

126.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

131.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate account, Trans Union

refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

132.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XII
**Violation of 15 U.S.C. § 1681i as to
Defendant, Trans Union LLC (Willful)**

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

137.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate account, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

138.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

139.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

140.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT XIII</u>
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Navy Federal Credit Union (Negligent)

141.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

142.   NFCU furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

143.   After receiving Plaintiff's disputes, NFCU violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the NFCU Account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

144.   Plaintiff provided all the relevant information and documents necessary for NFCU to have identified that the loan was fraudulent and inaccurate.

145.   NFCU did not have any reasonable basis to believe that Plaintiff was responsible for the loan reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NFCU by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was inaccurate.

146.   NFCU violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

147.   As a direct result of this conduct, action, and/or inaction of NFCU, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

148.   The conduct, action, and inaction of NFCU was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

149.   Plaintiff is entitled to recover costs and attorney's fees from NFCU in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual damages against Defendant, NAVY FEDERAL CREDIT UNION, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Navy Federal Credit Union (Willful)

150.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

151.   NFCU furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

152.   After receiving Plaintiff's disputes, NFCU violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the NFCU Account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

153.   Plaintiff provided all the relevant information and documents necessary for NFCU to have identified that the loan was fraudulent and inaccurate.

154.   NFCU did not have any reasonable basis to believe that Plaintiff was responsible for the loan reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NFCU by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was inaccurate.

155.   NFCU violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

156.   As a direct result of this conduct, action, and/or inaction of NFCU, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and inaction of NFCU was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

158.   Plaintiff is entitled to recover costs and attorney's fees from NFCU in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NAVY FEDERAL CREDIT UNION, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COREY ALAN HOUSTON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRAN UNION LLC, and

NAVY FEDERAL CREDIT UNION, jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief

the Court deems just and proper.

DATED this 26th day of January 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*